IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2050 |
| | : | |
| v. | : | |
| | : | |
| STEVEN MILLER, KYLE RUSSELL, DOUGLAS METTE, and JOSHUA LEEDBETTER, | : : : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 20th day of October, 2022, after considering the amended complaint filed by the *pro se* plaintiff, Osvaldo Pumba ("Pumba") (Doc. Nos. 9, 11); and for the reasons set forth in the separately filed amended complaint, it is hereby **ORDERED** as follows:

1. The amended complaint is **DISMISSED WITH PREJUDICE IN PART** insofar as Pumba asserts (1) a First Amendment access-to-courts claim, (2) claims against the defendant, Douglas Mette, and (3) a First Amendment telephone restriction claim against the defendants, Kyle Russell and Steve Miller;

2. The clerk of court is **DIRECTED** to **TERMINATE** Douglas Mette as a defendant;

3. Pumba's First Amendment claim based on restricted telephone use against the defendant, Joshua Leedbetter and his conditions-of-confinement claim against the defendants, Kyle Russell and Steven Miller, pass statutory screening;

4. The clerk of court is specially appointed to serve written waiver requests on the defendants, Steven Miller, Joshua Leedbetter, and Kyle Russell only, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to effect waiver of service. The waiver of service requests shall be accompanied by a copy of the complaint (Doc. No. 2) and shall inform the defendants, Steven

Miller, Joshua Leedbetter, and Kyle Russell, of the consequences of compliance and failure to comply with the requests. The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver. If a signed waiver is not returned within the time limit given, the clerk of court shall issue a summons and transmit the summons and a copy of the complaint to the United States Marshals Service for immediate service;

5. The parties shall file all original pleadings and other papers submitted for consideration to the court with the clerk of court. The parties shall serve copies of papers filed in this court upon counsel for all other parties (or directly on any party acting pro se). The parties may effect service by mail. A party shall prove that it has completed service by filing a certificate of service. This certificate should be filed in the case along with the original papers and should show the date and manner or service. An example of a certificate of service by mail is as follows:

> "I, (insert name), do hereby certify that a true and correct copy of the foregoing (insert name of pleading or other paper) has been served upon (insert name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (insert day of month) day of (insert month), (insert year).
>
> (Sign name)_____
> (write or type name)";

6. The parties shall set forth any request for court action in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the clerk of court. The parties are to follow the Federal Rules of Civil Procedure and the local rules. Pumba is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal;

7. Pumba is specifically directed to comply with Local Civil Rule 26.1(f), which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure

governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." E.D. Pa. Loc. Civ. R. 26.1(f). Pumba shall attempt to resolve any discovery disputes by contacting the defendants' counsel directly by telephone or through correspondence;

8. The parties shall not directly communicate with the District Judge or the United States Magistrate Judge with regard to this case. The parties shall direct all relevant information and papers to the clerk of court;

9. In the event a summons is returned unexecuted, it is Pumba's responsibility to ask the clerk of court to issue an alias summons and to provide the clerk of court with the defendant's correct address, so that service can be made; and

10. The parties should notify the clerk's office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.